**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KARIM FARUQ, : | |
| : | Civil Action No. 05-1498 (JBS) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| JOHN NASH, Warden, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

Karim Faruq, Pro Se
#27350-037
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

Dorothy J. Donnelly, Esq.
Assistant U.S. Attorney
402 East State Street
Room 430
Trenton, NJ 08608
Attorney for Respondent

**SIMANDLE**, District Judge

Petitioner Karim Faruq, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the sentence pursuant to which he is confined.  Respondent filed an Answer on May 26,

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

2005.  Petitioner filed a Response to the Answer on July 13, 2005.

The Court has considered all submissions.  Because this Court lacks jurisdiction to consider this Petition, and it is not in the interest of justice to transfer the Petition, this Court will dismiss the Petition, without prejudice, for lack of jurisdiction.

## **BACKGROUND**

On September 29, 1993, Petitioner was found guilty of various drug charges and other charges in the United States District Court, District of Maryland.  On December 20, 1993, Petitioner was sentenced to 385 months imprisonment.  Petitioner's conviction and sentence were affirmed on appeal to the Court of Appeals for the Fourth Circuit on May 4, 1995.  Petitioner's petition for a writ of certiorari to the United States Supreme Court was denied in 1997.

Petitioner has brought numerous motions to vacate his sentence, pursuant to 28 U.S.C. § 2255, in the District of Maryland.  From the record provided by Respondent, it appears that the sentencing court denied two § 2255 motions, and dismissed another.  The Court of Appeals for the Fourth Circuit has denied two requests for certificates of appealability, and has denied Petitioner leave to file a second or successive § 2255 motion on at least one occasion.

In addition, Petitioner previously filed in this Court a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. This Court dismissed the Petition on September 19, 2001. The dismissal was affirmed by the Court of Appeals for the Third Circuit on January 16, 2003. See <u>Faruq v. Bailey</u>, 01-213 (JBS).

Petitioner argues in the instant petition that he is actually "innocent of the sentence imposed that is in excess of the statutory maximum." (Petition, p. 2). He cites as support for his arguments the recent Supreme Court cases of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Petitioner contends that the indictment upon which he was convicted specified only a detectable amount of heroin, one gram; however, he was sentenced for 3.8 kilograms of heroin based on a preponderance of the evidence standard. Petitioner also claims that the jury instruction informing that the jury "need not be concerned with quantity" was plain error, and violated his constitutional rights.

Petitioner argues that § 2255 is inadequate or ineffective for his challenge to his sentence, and seeks to proceed under § 2241.

**DISCUSSION**

Petitioner contends that he is entitled to habeas relief under § 2241, because relief under § 2255 is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized,

4

however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  See id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  See id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  Similarly, § 2255 is not "inadequate or ineffective" to address a

claim based upon Booker, which is an extension of Apprendi.[2]  See Smith v. Nash, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.).  In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[3]

Petitioner's inability to meet the limitations and gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this Petition.  Accordingly, the Petition must be construed as a motion to vacate, set aside, or correct sentence

---

[2] In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  524 U.S. at — , 124 S. Ct. 2531, 2536-37 (internal quotations omitted.)  Most recently, in United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

[3] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, ... ."

under 28 U.S.C. § 2255,[4] which must be filed in the district of conviction, and over which this Court lacks jurisdiction.[5]

The Court further notes that Petitioner's reliance on <u>Dodd v. United States</u>, 125 S. Ct. 2478 (June 20, 2005) is misplaced. The Supreme Court recently held in <u>Dodd</u> that if the Supreme Court decides a case that recognizes a new right, a prisoner seeking to assert that right has one year from the date of the Supreme Court decision to file a § 2255 motion; however, he may only do so if the right was made retroactively applicable to cases on collateral review.  <u>See</u> <u>Dodd</u>, 125 S. Ct. at 2482.  In this case, the Supreme Court has not made <u>Booker</u> retroactively applicable to cases on collateral review.

---

[4] Although this Court is reclassifying the petition as a § 2255 motion, no <u>Miller</u> notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the <u>Miller</u> court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner has already pursued unsuccessful § 2255 motions, no purpose would be served by a <u>Miller</u> notice.

[5] The Court notes that, even if it possessed jurisdiction over Petitioner's <u>Booker</u> claim, it could not grant Petitioner any relief.  The Court of Appeals for the Third Circuit has recently held that <u>Booker</u> does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date <u>Booker</u> issued.  <u>See</u> <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005), <u>petition for cert. filed</u> (Aug. 5, 2005) (No. 05-5769).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. 28 U.S.C. § 2244.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Fourth Circuit, as a request for leave to file a second or successive § 2255 motion. Although the Court of Appeals for the Fourth Circuit has not yet held that Booker does not apply retroactively to support a second or successive § 2255 motion, every circuit Court of Appeals to consider the issue has so held. See In re Olopade, 403 F.3d 159 (3d Cir. 2005); In re Elwood, 408 F.3d 211 (5th Cir. 2005); Bey v. United States, 399 F.3d 1266 (10th Cir. 2005); Humphress v. United States, 398 F.3d 355 (6th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Green v. United States, 397 F.3d 101 (2d Cir. 2005). Further, Petitioner has unsuccessfully filed in the Fourth Circuit, on at least on one occasion, an application to file a second or successive § 2255 motion. Thus, this Court finds it is not in

the interests of justice to transfer the petition; however, the dismissal of this petition will be without prejudice to Petitioner filing a petition for a second or successive § 2255 motion in the Fourth Circuit on his own accord, if he so desires.

## CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate Order accompanies this Opinion.

            **s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated: **September 12, 2005**